UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

LIBERTY INSURANCE CORPORATION, LIBERTY MUTUAL FIRE INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY MUTUAL PERSONAL INSURANCE COMPANY, LM GENERAL INSURANCE COMPANY, LM INSURANCE CORPORATION, LM PROPERTY AND CASUALTY INSURANCE COMPANY, LIBERTY SURPLUS INSURANCE CORPORATION, SAFECO INSURANCE COMPANY OF AMERICA, and SAFECO INSURANCE COMPANY OF ILLINOIS

C.A. No.

**DEMAND FOR JURY TRIAL**

       Plaintiffs,

v.

ADVANCE CHIROPRACTIC PLLC, AFFILIATED DIAGNOSTICS OF OAKLAND LLC, CAREPOINTE PHYSICAL THERAPY LLC, CLEARPATH DIAGNOSTICS LLC, GLOBAL CARE MEDICAL SUPPLY LLC, GROESBECK RX LLC, HERSHMAN REHAB LLC, MHC PHARMACY LLC, MULTICARE HEALTH CENTER LLC, OPTIM CARE CENTER LLC, PRIME CARE CHIROPRACTIC, P.C., SELECT SPECIALISTS LLC, UNITED LAB RX LLC, VITAL COMMUNITY CARE P.C., JASON BITKOWSKI, D.O., WARREN J. RINGOLD, M.D., NAMIR ZUKKOOR, M.D., YOUSSEF BAKRI, AMALE BAZZI a/k/a AMANDA BAZZI a/k/a AMANDA MAKKI, NESREEN BAZZI, AHMAD MAKKI a/k/a MIKE MAKKI and HALA MOUSSA a/k/a HALA MAKKI,

       Defendants.

DAVID JOSEPH LANKFORD (P47881)
STEVEN M. BRAUN (P79461)
Law Offices of Greig, Kennedy, Seifert
and Fitzgibbons
Attorney for Plaintiffs
28411 Northwestern Hwy., Suite 640
Southfield, MI 48034
248-223-0120
Fax:  603-334-9174

## COMPLAINT

Plaintiffs LIBERTY INSURANCE CORPORATION, LIBERTY MUTUAL FIRE INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY MUTUAL PERSONAL INSURANCE COMPANY, LM GENERAL INSURANCE COMPANY, LM INSURANCE CORPORATION, LM PROPERTY AND CASUALTY INSURANCE COMPANY, LIBERTY SURPLUS INSURANCE CORPORATION, SAFECO INSURANCE COMPANY OF AMERICA, and SAFECO INSURANCE COMPANY OF ILLINOIS, (hereinafter collectively referred to as "Plaintiffs Liberty and Safeco"), by their attorneys, Law Offices of Greig, Kennedy, Seifert and Fitzgibbons, hereby allege as follows.

## I.  OVERVIEW OF ACTION

1.     This matter revolves around Defendants which operate in a multitude of different specialties and services whose collective activities constitute a motive, opportunity, intent, preparation, plan, and/or knowledge in order to control and carry

out fraudulent and unlawful treatments and/or referrals to seek recovery of monetary benefits potentially available under insurance polices, including but not limited to, those policies involving the Michigan No-Fault Act, Mich. Comp. Laws § 500.3101 et seq. and in violation thereof.

2.     In furtherance of these activities, Defendants wrongfully submitted and caused to be submitted to Plaintiffs Liberty and Safeco, false and fraudulent medical records, documents, correspondences, bills, and invoices through interstate wires and the U.S. Mail seeking payment under various policies and statutes, including but not limited to, the Michigan No-Fault Act, for products, services, treatments and/or accommodations that were not for injuries arising out of accidents, that were not actually rendered, that were medically unnecessary, were fraudulently and/or in some respect so excessively billed as to have no reasonable foundation, and/or were unlawfully rendered.

3.     Defendants Advance Chiropractic PLLC (hereinafter "Defendant Advance"), Affiliated Diagnostics of Oakland LLC (hereinafter "Defendant Affiliated"), Carepointe Physical Therapy LLC (hereinafter "Defendant Carepointe"), Clearpath Diagnostics LLC (hereinafter "Defendant Clearpath"), Global Care Medical Supply LLC (hereinafter "Defendant Global"), Groesbeck Rx LLC (hereinafter "Defendant Groesbeck"), Hershman Rehab LLC (hereinafter "Defendant Hershman"), MHC Pharmacy LLC (hereinafter "Defendant MHC"),

Multicare Health Center LLC (hereinafter "Defendant Multicare"), Optim Care Center LLC (hereinafter "Defendant Optim"), Prime Care Chiropractic P.C. (hereinafter "Defendant Prime"), Select Specialists LLC (hereinafter "Defendant Select"), United Lab Rx LLC (hereinafter "Defendant United"),  Vital Community Care P.C. (hereinafter "Defendant Vital"), Jason Bitkowski, D.O. (hereinafter "Defendant Bitkowski"), Warren J. Ringold, M.D. (hereinafter "Defendant Ringold"),  Naimr Zukkoor, M.D. (hereinafter "Defendant Zukkoor"),  Youssef Bakri, Amale Bazzi a/k/a Amanda Bazzi a/k/a Amanda Makki (hereinafter "Defendant Amanda Bazzi"), Nesreen Bazzi, Ahmad Makki a/k/a Mike Makki (hereinafter "Defendant Ahmad Makki"), Hala Moussa a/k/a Hala Makki (hereinafter "Defendant Hala Makki"), (collectively hereinafter "Defendants") each individually and/or collectively agreed and/or conspired to, and did in fact, defraud Plaintiffs Liberty and Safeco by knowingly and intentionally perpetuating an insurance billing plan or  scheme, including generating unlawful and inaccurate medical/professional records and/or bills, in violation of state and federal law.

4.     The insurance plan or fraudulent scheme perpetrated by Defendants was designed to, and did in fact, result in payments from Plaintiffs Liberty and Safeco to Defendants and/or its/their subsidiaries, agents, assigns, which/who were paid on behalf of Plaintiff's insureds and claimants.  All the acts and omissions of

Defendants, described throughout this Complaint, were knowingly and intentionally undertaken.

5.      Plaintiffs Liberty and Safeco brings this action for

A. Violations of the federal Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1962(c); and/or

B. Violations of the federal Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1962(d); and/or

C. Common law fraud; and/or

D. Civil conspiracy; and/or

E. Payment under mistake of fact as to unlawful treatment and referrals; and/or

F. Unjust enrichment; and/or

G. Declaratory judgement under 28 U.S.C. § 2201.

6.      As a result of Defendants' fraudulent acts, Plaintiffs Liberty and Safeco has paid in excess of $75,000.00 to Defendants related to the patients at issue in this Complaint.

## II.   **JURISDICTION AND VENUE**

7.      Plaintiffs Liberty and Safeco incorporate by reference each and every allegation contained in paragraphs 1 through 6.

8.     Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over this action relating to the claims brought by Plaintiffs Liberty and Safeco under 18 U.S.C. § 1961, *et seq*. because they arise under the laws of the United States.

9.     Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because the amount in controversy, exclusive of interest and costs, exceeds $75,000.00

10.    Further, this Court has jurisdiction over this action because there is complete diversity between Plaintiffs and each Defendant.

11.    Pursuant to 28 U.S.C. § 1367 supplemental jurisdiction over Plaintiffs Liberty and Safeco's state law claims is proper.

12.    Pursuant to 28 U.S.C. § 1391(b)(2) venue is proper as the vast majority of the acts at issue in this Complaint occurred within the Eastern District of Michigan.

## III.   **PARTIES**

13.    Plaintiffs Liberty and Safeco incorporate by reference each and every allegation contained in paragraphs 1 through 12.

### A. **Plaintiffs**

14.    Plaintiff Liberty Insurance Corporation is an insurance company with its principal place of business in Boston, Massachusetts, duly organized under the laws of Illinois that is licensed in Michigan to engage in the business of insurance.

15.    Plaintiff Liberty Mutual Fire Insurance Company is an insurance company with its principal place of business in Boston, Massachusetts duly organized under the laws of Massachusetts that is licensed in Michigan to engage in the business of insurance.

16.    Plaintiff Liberty Mutual Insurance Company is an insurance company with its principal place of business in Boston, Massachusetts, duly organized under the laws of Massachusetts that is licensed in Michigan to engage in the business of insurance.

17.    Plaintiff Liberty Mutual Personal Insurance Company is an insurance company with its principal place of business in Boston, Massachusetts duly organized under the laws of Massachusetts that is licensed in Michigan to engage in the business of insurance.

18.    Plaintiff LM General Insurance Company is an insurance company with its principal place of business in Boston, Massachusetts duly organized under the laws of Indiana that is licensed in Michigan to engage in the business of insurance.

19.    Plaintiff LM Insurance Corporation is an insurance company with its principal place of business in Boston, Massachusetts duly organized under the laws of Illinois that is licensed in Michigan to engage in the business of insurance.

20.    Plaintiff LM Property and Casualty Insurance Company is an insurance company with its principal place of business in Boston, Massachusetts duly organized under the laws of Indiana that is licensed in Michigan to engage in the business of insurance.

21.    Plaintiff Liberty Surplus Insurance Company is an insurance company with its principal place of business in Boston, Massachusetts duly organized under the laws of New Hampshire that is licensed in Michigan to engage in the business of insurance.

22.    Plaintiff Safeco Insurance Company of America is an insurance company with its principal place of business in Seattle, Washington duly organized under the laws of Iowa that is licensed in Michigan to engage in the business of insurance.

23.    Plaintiff Safeco Insurance Company of Illinois is an insurance company with its principal place of business in Bellevue, Washington duly organized under the laws of Iowa that is licensed in Michigan to engage in the business of insurance.

**B. Defendant Medical Providers**

**i.    Defendant Advance**

24.    Defendant Advance Chiropractic PLLC is incorporated under the laws of the State of Michigan.

25.     Defendant Advance is owned by Reza Hafezi, D.C., who is a citizen of the State of Michigan.

26.     Defendant Advance is a chiropractic clinic that accepts referrals from the coordinated solicitation of Defendant Amanda Bazzi entities, including Defendant facilities.

27.     At all relevant times, Defendant Amanda Bazzi—in concert with Defendants Youssef Bakri, Nesreen Bazzi, and Ahmad Makki—owns and/or controls Defendant Advance in cooperation with all other Defendant facilities, but to conceal her ownership and/or control (and in order to circumvent the licensing requirements of a professional limited liability company by a non-professional), Reza Hafezi, D.C., serves as its paper owner.

28.     Defendant Advance's principal place of business is located in Taylor, Michigan.

29.     Defendant Advance billed Plaintiffs Liberty and Safeco for services that were that were not for injuries arising out of accidents, that were not actually rendered, that were medically unnecessary, were fraudulently and/or in some respect so excessively billed as to have no reasonable foundation, and/or were unlawfully rendered, in relation to several of Plaintiffs Liberty and Safeco's insureds and claimants. (**Exhibit 1: Billing Statements from Defendant Advance**).

### ii. __Defendant Affiliated__

30.    Defendant Affiliated Diagnostics of Oakland LLC is incorporated under the laws of the State of Michigan.

31.    Defendant Affiliated is owned by Defendants Ringold and Nesreen Bazzi who are citizens of the State of Michigan.

32.    Defendant Affiliated is an MRI/diagnostic testing facility that regularly, and almost exclusively, accepts prescriptions from physicians at Defendant facilities, including Defendant Multicare, Defendant Optim, Defendant Select, and Defendant Vital for sets of predetermined MRIs, directly coordinated by Defendant Amanda Bazzi and her affiliated person(s)/entity(ies).

33.    In particular, and at all relevant times, Defendant Amanda Bazzi— aided by and in concert with Defendants Youssef Bakri and Ahmad Makki—owns and/or controls Defendant Affiliated in cooperation with all other Defendant facilities, but to conceal her ownership and/or control, Defendant Ringold and Defendant Nesreen Bazzi serve as its paper owner.

34.    Defendant Ringold confirmed through testimony that he has little involvement in the facility, including its setup, licensing, and business practices, which serves to allow Defendant Bazzi to carry on a Predetermined Protocol by managing the day-to-day operations of Affiliated Diagnostic and its referral

relationships with Defendants Optim, Multicare, Select, and Vital and the Other Bazzi Related Practices.

35.   Defendant Affiliated's principal place of business is located in Southfield, Michigan.

36.   Defendant Affiliated billed Plaintiffs Liberty and Safeco for services that were not for injuries arising out of accidents, that were not actually rendered, that were medically unnecessary, were fraudulently and/or in some respect so excessively billed as to have no reasonable foundation, and/or were unlawfully rendered in relation to several of Plaintiffs Liberty and Safeco's insureds and claimants. (**Exhibit 2: Billing Statements from Defendant Affiliated**).

### iii.   Defendant Carepointe

37.   Defendant Carepointe Physical Therapy LLC is incorporated under the laws of the State of Michigan.

38.   Defendant Carepointe is owned by Ali Makki, who is a citizen of the State of Michigan.

39.   Defendant Carepointe is a physical therapy clinic that almost exclusively accepts prescriptions from Defendants Optim, Multicare, Select, and Vital, most of which are written without lawful physician prescription and/or without lawful prescription by medical personnel, or by prescription by individuals who are operating outside the scope of their designated licensure.

40.     In particular, and at all relevant times, Defendant Amanda Bazzi—aided by and in concert with Defendants Youssef Bakri, Nesreen Bazzi, and Ahmad Makki—owns and/or controls Defendant Carepointe in cooperation with all other Defendant facilities.

41.     Defendant Carepointe's principal place of business is located in Southfield, Michigan.

42.     Defendant Carepointe billed Plaintiffs Liberty and Safeco for services that were not for injuries arising out of accidents, that were not actually rendered, that were medically unnecessary, were fraudulently and/or in some respect so excessively billed as to have no reasonable foundation, and/or were unlawfully rendered in relation to several of Plaintiffs Liberty and Safeco's insureds and claimants. (**Exhibit 3: Billing Statements from Defendant Carepointe**).

### iv.     <u>Defendant Clearpath</u>

43.     Defendant Clearpath Diagnostics LLC is incorporated under the laws of the State of Michigan.

44.     Defendant Clearpath is owned by Defendant Warren J. Ringold, M.D., who is a citizen of the State of Michigan.

45.     Defendant Clearpath is a diagnostic testing facility that regularly, and almost exclusively, accepts prescriptions from physicians at Defendant facilities, including Defendants Multicare, Optim, Select, and Vital for predetermined multiple

CT-Scans directly coordinated by Defendant Amanda Bazzi and her affiliated person(s)/entity(ies).

46.    In particular, and at all relevant times, Defendant Amanda Bazzi—aided by and in concert with Defendants Youssef Bakri, Nesreen Bazzi, and Ahmad Makki—owns and/or controls Defendant Clearpath in cooperation with all other Defendant facilities, but to conceal her ownership and/or control, Defendant Ringold serve as its paper owner.

47.    Defendant Ringold has minimal to no involvement with Defendant Clearpath which serves to allow Defendant Bazzi to carry on a Predetermined Protocol by managing the day-to-day operations of Defendant Clearpath and its referral relationships with Defendants Optim, Multicare, Select, and Vital, and the Other Bazzi Related Practices.

48.    Defendant Clearpath's principal place of business is located in Southfield, Michigan.

49.    Defendant Clearpath billed Plaintiffs Liberty and Safeco for services that were not for injuries arising out of accidents, that were not actually rendered, that were medically unnecessary, were fraudulently and/or in some respect so excessively billed as to have no reasonable foundation, and/or were unlawfully rendered in relation to several of Plaintiffs Liberty and Safeco's insureds and claimants. (**Exhibit 4: Billing Statements from Defendant Clearpath**).

v.    **Defendant Global**

50.    Defendant Global Care Medical Supply LLC is incorporated under the laws of the State of Michigan.

51.    Defendant Global's member is Hussein Beydoun, who is a citizen of the State of Michigan.

52.    Defendant Global is a durable medical equipment (hereinafter "DME) and supply distributor, that almost exclusively accepts prescriptions from Defendants Optim, Multicare, Select, and Vital, most of which are written without lawful physician prescription and/or without lawful prescription by medical personnel, or by prescription by individuals who are operating outside the scope of their designated licensure, in violation of holding any proper license to dispense said devices.

53.    Defendant Amanda Bazzi—aided by and in concert with Defendants Youssef Bakri, Nesreen Bazzi, and Ahmad Makki—owns and/or controls Defendant Global in cooperation with all other Defendant facilities.

54.    Defendant Global's principal place of business is located in Lathrup Village, Michigan.

55.    Defendant Global billed Plaintiffs Liberty and Safeco for services that were not for injuries arising out of accidents, that were not actually rendered, that were medically unnecessary, were fraudulently and/or in some respect so

excessively billed as to have no reasonable foundation, and/or were unlawfully rendered in relation to several of Plaintiffs Liberty and Safeco's insureds and claimants. (**Exhibit 5: Billing Statements from Defendant Global**).

### vi.   Defendant Groesbeck

56.    Defendant Groesbeck Rx LLC is incorporated under the laws of the State of Michigan.

57.    Defendant Groesbeck is owned by Ali Saad, who is a citizen of the State of Michigan.

58.    Defendant Groesbeck is a pharmacy that almost exclusively accepts prescriptions from Defendants Optim, Multicare, Select, and Vital, most of which are written without lawful physician prescription and/or without lawful prescription by medical personnel, or by prescription by individuals who are operating outside the scope of their designated licensure, in violation of holding any proper license to dispense prescriptions and controlled substances itself.

59.    Defendant Amanda Bazzi—aided by and in concert with Defendants Youssef Bakri, Nesreen Bazzi, and Ahmad Makki—owns and/or controls Defendant Groesbeck in cooperation with all other Defendant facilities, but to conceal her ownership and/or control, Ali Saad serves as its paper owner.

60.    Defendant Groesbeck's principal place of business is located in Mt. Clemens, Michigan.

61.     Defendant Groesbeck billed Plaintiffs Liberty and Safeco for services that were not for injuries arising out of accidents, that were not actually rendered, that were medically unnecessary, were fraudulently and/or in some respect so excessively billed as to have no reasonable foundation, and/or were unlawfully rendered in relation to several of Plaintiffs Liberty and Safeco's insureds and claimants. (**Exhibit 6: Billing Statements from Defendant Groesbeck**).

### vii.   <u>Defendant Hershman</u>

62.     Defendant Hershman Rehab LLC is incorporated under the laws of the State of Michigan.

63.     Defendant Hershman's named Member for Michigan business filings is Zahra Faraj, who is a citizen of the State of Michigan.

64.     Defendant Hershman is a physical therapy clinic, which operates in the same space and building as Defendant Prime and regularly refers patients for chiropractic services, that almost exclusively accepts prescriptions from Defendants Optim, Multicare, Select, and Vital, most of which are written without lawful physician prescription and/or without lawful prescription by medical personnel, or by prescription by individuals who are operating outside the scope of their designated licensure, in violation of holding any proper license to dispense said devices.

65.    In particular, and at all relevant times, Defendant Amanda Bazzi—aided by and in concert with Defendants Youssef Bakri, Nesreen Bazzi, and Ahmad Makki—owns and/or controls Defendant Hershman in cooperation with all other Defendant facilities.

66.    Defendant Hershman's principal place of business is located in Southfield, Michigan.

67.    Defendant Hershman billed Plaintiffs Liberty and Safeco for services that were not for injuries arising out of accidents, that were not actually rendered, that were medically unnecessary, were fraudulently and/or in some respect so excessively billed as to have no reasonable foundation, and/or were unlawfully rendered in relation to several of Plaintiffs Liberty and Safeco's insureds and claimants. (**Exhibit 7: Billing Statements from Defendant Hershman**).

### viii.    **Defendant MHC**

68.    Defendant MHC Pharmacy LLC is incorporated under the laws of the State of Michigan.

69.    Defendant MHC's named Member for Michigan business filings is Anthony J. Bashore, who is a citizen of the State of Michigan.

70.    Defendant MHC is a pharmacy that almost exclusively accepts prescriptions from Defendants Optim, Multicare, Select, and Vital, most of which are written without lawful physician prescription and/or without lawful prescription

by medical personnel, or by prescription by individuals who are operating outside the scope of their designated licensure, in violation of holding any proper license to dispense prescriptions and controlled substances.

71.     In particular, and at all relevant times, Defendant Amanda Bazzi— aided by and in concert with Defendants Youssef Bakri, Nesreen Bazzi, and Ahmad Makki—owns and/or controls Defendant MHC Pharmacy as the successor company to VCC Pharmacy in cooperation with all other Defendant facilities.

72.     Defendant MHC's principal place of business is located in Warren, Michigan.

73.     Defendant MHC billed Plaintiffs Liberty and Safeco for services that were not for injuries arising out of accidents, that were not actually rendered, that were medically unnecessary, were fraudulently and/or in some respect so excessively billed as to have no reasonable foundation, and/or were unlawfully rendered in relation to several of Plaintiffs Liberty and Safeco's insureds and claimants. (**Exhibit 8: Billing Statements from Defendant MHC**).

### ix.     Defendant Multicare

74.     Defendant Multicare Health Center LLC is incorporated under the laws of the State of Michigan.

75.     Defendant Multicare's member is Jeffrey Cook, D.C., who is a citizen of the State of Michigan.

76.    Defendant Multicare is a multispecialty physical medicine and rehabilitation/physical therapy/chiropractic/pain management clinic, which provides medical care/services, most of which are by individuals who are operating outside the scope of their designated licensure, in violation of holding any proper license to provide those services and is the successor company of Defendant Vital to allow for unlawful prescriptions and referrals to Defendant facilities.

77.    In particular, and at all relevant times, Defendant Amanda Bazzi— aided by and in concert with Defendants Youssef Bakri, Nesreen Bazzi, and Ahmad Makki—owns and/or controls Defendant Mulitcare and along with Defendants Optim and Select are the successor companies to Defendant Vital, to continue to be involved in solicitation of Plaintiffs Liberty and Safeco's insureds and claimants to further the plan or scheme in cooperation with all other Defendant facilities.

78.    Defendant Multicare's principal place of business is located in Warren, Michigan.

79.    Defendant Multicare billed Plaintiffs Liberty and Safeco for services that were not for injuries arising out of accidents, that were not actually rendered, that were medically unnecessary, were fraudulently and/or in some respect so excessively billed as to have no reasonable foundation, and/or were unlawfully rendered in relation to several of Plaintiffs Liberty and Safeco's insureds and claimants. (**Exhibit 9: Billing Statements from Defendant Multicare**).

x.   **Defendant Optim**

80.   Defendant Optim Care Center LLC is incorporated under the laws of the State of Michigan.

81.   Defendant Optim's owner is Saman Afroz, who is a citizen of the State of Michigan.

82.   Defendant Optim is a physical medicine and rehabilitation and pain management clinic, which provides medical care/services, most of which are provided by individuals who are operating outside the scope of their designated licensure, in violation of holding any proper license to dispense, and is the successor company of Defendant Vital resulting in unlawful prescriptions and referrals to Defendant facilities.

83.   In particular, and at all relevant times, Defendant Amanda Bazzi—aided by and in concert with Defendants Youssef Bakri, Nesreen Bazzi, and Ahmad Makki—owns and/or controls Defendant Optim and along with Defendants Multicare and Select are the successor companies to Defendant Vital, to continue to allow solicitation of Plaintiffs Liberty and Safeco's insureds and claimants to further the plan or scheme in cooperation with all other Defendant facilities.

84.   Defendant Optim's principal place of business is located in St. Clair Shores, Michigan.

85.    Defendant Optim billed Plaintiffs Liberty and Safeco for services that were not for injuries arising out of accidents, that were not actually rendered, that were medically unnecessary, were fraudulently and/or in some respect so excessively billed as to have no reasonable foundation, and/or were unlawfully rendered in relation to several of Plaintiffs Liberty and Safeco's insureds and claimants. (**Exhibit 10: Billing Statements from Defendant Optim**).

### xi.    Defendant Prime

86.    Defendant Prime Care Chiropractic P.C. is incorporated under the laws of the State of Michigan.

87.    Defendant Prime's President is Haroun Fetteh, D.C., who is a citizen of the State of Michigan.

88.    Defendant Prime is a chiropractic clinic, which operates in the same space and building as Defendant Hershman and regularly accepts patients for chiropractic services from Defendant Hershman.

89.    In particular, and at all relevant times, Defendant Amanda Bazzi—aided by and in concert with Defendants Youssef Bakri, Nesreen Bazzi, and Ahmad Makki—owns and/or controls Defendant Prime in cooperation with all other Defendant facilities, but to conceal her ownership and/or control, Haroun Fetteh, D.C. serves as its paper owner.

90.     Defendant Prime's principal place of business is located in Southfield, Michigan.

91.     Defendant Prime billed Plaintiffs Liberty and Safeco for services that were not for injuries arising out of accidents, that were not actually rendered, that were medically unnecessary, were fraudulently and/or in some respect so excessively billed as to have no reasonable foundation, and/or were unlawfully rendered in relation to several of Plaintiffs Liberty and Safeco's insureds and claimants. (**Exhibit 11: Billing Statements from Defendant Prime**).

### xii.    <u>Defendant Select</u>

92.     Defendant Select Specialists LLC is incorporated under the laws of the State of Michigan.

93.     Defendant Select's owner is Defendant Jason Bitkowski, D.O. who is a citizen of the State of Michigan.

94.     Defendant Optim is physical medicine and rehabilitation and pain management clinic, which provides medical care/services, most of which are provided by medical personnel operating outside the scope of their designated licensure, and is utilized, with Defendants Multicare and Optim, as the successor company of Defendant Vital to further the plan or scheme of improper prescriptions and referrals to Defendant facilities.

95.     In particular, and at all relevant times, Defendant Amanda Bazzi—aided by and in concert with Defendants Youssef Bakri, Nesreen Bazzi, and Ahmad Makki—owns and/or controls Defendant Select in cooperation with all other Defendant facilities, but to conceal her ownership and/or control, Jason Bitkowski, D.O. serves as its paper owner.

96.     Defendant Select's principal place of business is located in Southfield, Michigan.

97.     Defendant Select billed Plaintiffs Liberty and Safeco for services that were not for injuries arising out of accidents, that were not actually rendered, that were medically unnecessary, were fraudulently and/or in some respect so excessively billed as to have no reasonable foundation, and/or were unlawfully rendered in relation to several of Plaintiffs Liberty and Safeco's insureds and claimants. (**Exhibit 12: Billing Statements from Defendant Select**).

### xiii.    Defendant United

98.     Defendant United Lab Rx LLC is incorporated under the laws of the State of Michigan.

99.     Defendant United's members are Abbas Khalil and Fadl el Hage Ali who are both citizens of the State of Michigan.

100.    Defendant United is drug screening lab that almost exclusively performs predetermined urine screenings, none of which are done with proper chain

of custody or even reviewed by the referring physician or medical personnel, for Defendant facilities, including, but not limited to, Defendants Multicare, Optim, Select, and Vital.

101.   In particular, and at all relevant times, Defendant Amanda Bazzi— aided by and in concert with Defendants Youssef Bakri, Nesreen Bazzi, and Ahmad Makki—owns and/or controls Defendant United in cooperation with all other Defendant facilities.

102.   Defendant United's principal place of business is located in Southfield, Michigan.

103.   Defendant United billed Plaintiffs Liberty and Safeco for services that were not for injuries arising out of accidents, that were not actually rendered, that were medically unnecessary, were fraudulently and/or in some respect so excessively billed as to have no reasonable foundation, and/or were unlawfully rendered in relation to several of Plaintiffs Liberty and Safeco's insureds and claimants. (**Exhibit 13: Billing Statements from Defendant United**).

### xiv.   **Defendant Vital**

104.   Defendant Vital Community Care P.C. is incorporated under the laws of the State of Michigan.

105.   Defendant Vital is owned by Defendant Namir Zukkoor, M.D., who is currently being prosecuted by the State of Michigan for allegedly illegally

prescribing medications without a license and for allegedly committing insurance fraud.

106.   Defendant Vital was a physical pain and rehabilitation/pain management clinic used by successor companies, Defendants Multicare, Optim, and Select, to transition from overseeing care, to having multiple surgeons on staff that perform suspect procedures.

107.   At all relevant times, Defendant Amanda Bazzi—aided by and in concert with Defendants Youssef Bakri, Nesreen Bazzi, and Ahmad Makki—owns and/or controls Defendant Vital in cooperation with all other Defendant facilities that Dr. Zukkoor operates as its owner in paper only.

108.   Defendant Vital's principal place of business is located in Southfield, Michigan.

109.   Defendant Vital billed Plaintiffs Liberty and Safeco for services that were not for injuries arising out of accidents, that were not actually rendered, that were medically unnecessary, were fraudulently and/or in some respect so excessively billed as to have no reasonable foundation, and/or were unlawfully rendered in relation to several of Plaintiffs Liberty and Safeco's insureds and claimants. (**Exhibit 14: Billing Statements from Defendant Vital**).

### C. **Defendant Owners and Managers**

#### i.     **Defendant Bitkowski**

110.   Defendant Jason Bitkowski, D.O. is a resident and citizen of the State of Michigan.

111.   At all relevant times, Defendant Bitkowski is the listed owner, in name only, of Defendant Select.

#### ii.     **Defendant Ringold**

112.   Defendant Warren J. Ringold, M.D.  is a resident and citizen of the state of Michigan.

113.   At all relevant times, Defendant Ringold is the listed owner, in name only, of Defendants Affiliated and Clearpath.

#### iii.     **Defendant Zukkoor**

114.   Defendant Namir Zukkoor, M.D.  is a resident and citizen of the state of Michigan.

115.   At all relevant times, Defendant Zukkoor is the listed owner, in name only, of Defendant Vital.

#### iv.     **Defendant Youssef Bakri**

116.   Defendant Youssef Bakri is a resident and citizen of the state of Michigan.

117.   Defendant Youssef Bakri served as a manager of several practices and

facilities owned and/or controlled by Defendant Amanda Bazzi to further the Predetermined Protocol in terms of treatment and services at Defendant entities.

    **v.**   **<u>Defendant Amanda Bazzi</u>**

118.   Defendant Amanda Bazzi is a resident and citizen of the state of Michigan.

119.   Defendant Amanda Bazzi has operated a network of facilities in Michigan targeting insureds and claimants who have been in auto accidents, including but not limited to, insureds and claimants of Plaintiffs Liberty and Safeco, who may be eligible for No-Fault Benefits.

120.   The targeting of insureds and/or claimants who have been in auto accidents has been accomplished through illegal purchase of police reports to thereby solicit individuals and/or staging accidents targeting insureds and claimants to treat with Defendant facilities owned and/or operated by Defendant Amanda Bazzi.

121.   Defendant Amanda Bazzi has owned and/or controlled these facilities, with the assistance of Defendant Youssef Bakri, Defendant Nesreen Bazzi, Defendant Ahmad Makki, and Sherif El-Sayed a/k/a Sherif Khalil, who have acted as nominee owners and/or managers of the facilities to conceal Defendant Amanda Bazzi's ownership and control.

122.   Defendant Amanda Bazzi owns and controls each Defendant facilities

either directly or indirectly, including the implementation of Predetermined Protocols and services rendered through her own control, involving, but not limited to, fee-splitting arrangements with other facilities.

123.  Through this control, Defendant Amanda Bazzi has submitted or caused to be submitted, at least, hundreds of thousands of dollars in billing to Plaintiffs Liberty and Safeco for services that were not for injuries arising out of accidents, that were not actually rendered, that were medically unnecessary, were fraudulently and/or in some respect so excessively billed as to have no reasonable foundation, and/or were unlawfully rendered in relation to several of Plaintiffs Liberty and Safeco's insureds and claimants. (**Exhibits 1 through 14**).

### vi.    Defendant Nesreen Bazzi

124.  Defendant Nesreen Bazzi is a resident and citizen of the state of Michigan.

125.  Defendant Nesreen Bazzi purports to be the one of the owners of Defendants Affiliated and Clearpath to facilitate the plan or scheme by concealing Defendant Amanda Bazzi's true ownership and control of those entities, which maximize the profitability of Predetermined Protocols of performing diagnostic testing on patients who were treated at other Defendant facilities that are or were owned and/or controlled by Defendant Amanda Bazzi.

126.  Aside from Defendants Affiliated and Clearpath, Defendant Nesreen

Bazzi has also served as a nominee owner of several practices and facilities secretly owned and/or controlled by her mother, Defendant Amanda Bazzi.

### vii.   **Defendant Ahmad Makki**

127.   Defendant Ahmad Makki is Defendant Amanda Bazzi's brother and is a resident and citizen of the state of Michigan.

128.   Defendant Ahmad Makki served as a manager of several practices and facilities owned and/or controlled by Defendant Amanda Bazzi to further the Predetermined Protocol for treatment and services at Defendant entities.

## IV.   OVERVIEW OF SCHEME AND FRAUDULENT CONDUCT BY DEFENDANTS

129.   Plaintiffs Liberty and Safeco incorporate by reference each and every allegation contained in paragraphs 1 through 128.

130.   Defendant Owners and Managers through use of Defendant facilities created and maintained an enterprise that agreed and/or conspired to submit exorbitant charges to Plaintiffs Liberty and Safeco for alleged products, services, procedures, equipment, medications and/or accommodations that were not for injuries arising out of accidents, that were not actually rendered, that were medically unnecessary, were fraudulently and/or in some respect so excessively billed as to have no reasonable foundation, and/or were unlawfully rendered.

131.   The plan or scheme described herein was driven by Defendants Amanda Bazzi, Youssef Bakri, Nesreen Bazzi, and Ahmad Makki, and their businesses, clinics, and associates.

132.   The plan or scheme, as set forth above began with solicitation of Plaintiff Liberty and Safeco insureds and claimants to then be directed to law firms selected by the Defendants to control and manipulate said insureds and claimants to begin never ending treatment at Defendants Multicare, Optim, Select, and Vital to provide unlawful and/or fraudulent referrals and/or prescriptions for diagnostic testing at Defendants Affiliated and Clearpath to provide inaccurate results to portray injuries that simply were not there to allow the remaining Defendants Advance, Carepointe, Global, Groesbeck, Hershman, MHC, Prime, and United ton continue their own fraudulent billing for wholly unnecessary services in continuum.

133.   Defendants Youssef Bakri, Amanda Bazzi, Nesreen Bazzi, and Ahmad Makki oversaw and coordinated a network, including but not limited to: solicitors, professionals, quasi-professionals, para-professionals and medical providers who worked in concert to identify and target individuals who claimed to have been involved in motor-vehicle accidents, and then to induce such individuals to participate and/or cooperate with Defendants Multicare, Optim, Select, and Vital for purported treatment that were not for injuries arising out of accidents, that were not actually rendered, that were medically unnecessary, were fraudulently and/or in

some respect so excessively billed as to have no reasonable foundation, to generate bills to Plaintiffs Liberty and Safeco.

134.   After patients were induced to said individual Defendants and/or Defendants' clinics for services that they did not actually need and that they did not seek of their own volition, these same claimants and insureds were directed through the specific referral network to the constellation of Defendant clinics, Advance, Affiliated, Carepointe, Clearpath, Global, Groesbeck, Hershman, MHC, Prime, and United to further bill for injuries not arising out of accidents, for services that were not actually rendered, for services that that were medically unnecessary, or were fraudulently and/or in some respect so excessively billed as to have no reasonable foundation, and/or were unlawfully rendered.

135.   Defendants Youssef Bakri, Amanda Bazzi, Nesreen Bazzi, and Ahmad Makki's role in the plan and scheme derives from ownership and control of Defendant facilities.

136.   For instance, while Defendant Nesreen Bazzi is the purported owner of an 87.5% interest in Defendant Affiliated. Defendant Nesreen Bazzi has testified that due to medical issues, she is unable to work, and that Defendants Amanda Bazzi and Youssef Bakri operate and control her businesses, including Defendant Affiliated.

137.   Individuals associated with other medical providers have reported that

Defendants Youssef Bakri and Amanda Bazzi, through the controlled Defendant entities, have also paid physicians and clinics for referring patients to Defendants' entities to maintain the Defendants' Predetermined Protocols and commensurate billing.

138.   Defendants Youssef Bakri and Amanda Bazzi also, directly or indirectly, own, manage, operate, and control all Defendant.

139.   Upon information and belief, Defendants Youssef Bakri and Amanda Bazzi and others, provided capital and resources used to establish or continue operations of the Defendant facilities. These capital investments and resources are used by Defendants Youssef Bakri and Amanda Bazzi to leverage management and control those other Defendants in order to implement their coordinated plan or scheme.

140.   Defendant Amanda Bazzi and her family and associates, through the solicitation and referral network, on information and belief, illegally purchase police reports, and thus, ensure a flow of referral and retention of certain law firms to represent Plaintiffs Liberty and Safeco's insureds and claimants. Subsequently, Plaintiffs Liberty and Safeco's insureds and claimants are unilaterally shuttled to treat solely with Defendants' entities and discouraged from ending treatment or services, resulting in a priority of the Defendants' managers' and owners' financial goals ahead of the insureds' and claimants' health and well-being.

141.   For example, RW testified that he was solicitously contacted the day after the accident and despite his only desire to repair his car, he was taken to a Vital and then to a law firm he didn't know that is directly related to Defendant entities. He was pressured to sign documents under false pretenses thinking that those documents were in relation to car repairs, when in fact they were an attempt to force him to treat with Defendants' entities and be represented by the law firm.

142.   In other examples, claimants, (CB, MB, MB, ME, and SE) were, likewise, unilaterally solicited and referred to Defendant Optim for referrals and direct control of treatment where Defendant Optim generated falsified medical records, to wit, setting forth injuries that the claimants clearly stated pre-dated the accident, and changing areas of the bodies treated, and for follow up treatment at other Defendant facilities, ostensibly for the purpose to defraud Plaintiffs Liberty and Safeco.

143.   As a further example, claimant LM, testified that she was sent for treatment with Defendants Hershman and Prime through the Predetermined Protocol. As a result of failed oversight of treatment, as required by their designated licensures, she was caused devastating injury to her lower back, which was never documented in the medical records. These conditions were then wrongly alleged to be a direct result of the accident.

144.   As a next example, claimant ST testified that she was coerced into

undergoing surgery to her lower back after multiple referrals through the Defendants' entities culminating in a surgery conducted by physicians at Defendant Vital. The procedure resulted in her needing weeks of recovery in a hospital from poor surgical standards leading to infection.

145.   Claimant ST was told by her surgeons to forego any medical treatment outside of the Defendant entities to ensure the truth never came to light.

146.   Defendant Amanda Bazzi and VCC Pharmacy (the predecessor for MHC), is transitioning Defendant Vital from a pain management clinic to a location for medically questionable surgical procedures.

147.   Amanda Bazzi's controlled entities, have used illegal means to purchase police reports and solicit insureds and claimants, including but not limited to those of Plaintiffs Liberty and Safeco, to dictate and further the Predetermined Protocols, resulting in unlawful and falsified records, to generate fraudulent and inaccurate billing statements of exorbitant charges to Plaintiffs Liberty and Safeco.

## V.   DAMAGES

148.   Plaintiffs Liberty and Safeco hereby reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 147.

149.   The aforementioned scheme and actions by Defendants injured Plaintiffs Liberty and Safeco through Defendants' individual and in concert violations of law.

150.    Pursuant to exhibits 1 through 14, Plaintiffs Liberty's and Safeco's damages include, but are not limited to, compensatory damages in excess of $75,000.00.

151.    Exhibits 1 through 14, identify monies paid by Plaintiffs Liberty and Safeco by date, payor, patient claim number, check number, and monetary amount.

152.    None of these payments have been reimbursed at this point.

153.    Every payment identified in exhibits 1 through 14 were checks sent by Plaintiffs Liberty and Safeco to the Defendants entities through the U.S. Mail.

154.    Consequently, Defendants, individually or in concert, knew that the U.S. Mail would be used as part of their plan or scheme to defraud, as borne out by the fact that the Defendants only faxed and mailed medical records and bills.

155.    The knowingly, intended purpose of having submitting medical records and bills to Plaintiffs Liberty and Safeco was to have plaintiffs rely on such documents and provide payment in response thereto.

156.    Plaintiffs Liberty and Safeco also seeks damages, in an amount to be determined at trial, related to the cost of claims handling/adjustment for claims received from Defendants and their affiliated Defendant entities.

157.    Plaintiffs Liberty and Safeco assessed and investigated each of the Defendants, individually, and in concert, and has incurred those costs in addition to claims handling expenses.

## VI.   CAUSES OF ACTION

### COUNT I — VIOLATION OF 18 U.S.C. § 1962(c) AGAINST DEFENDANTS ADVANCE, AFFILIATED, CLEARPATH, GLOBAL, GROESBECK, HERSHMAN, MHC, MULTICARE, OPTIM, PRIME, SELECT, UNITED, VITAL, BITKOWSKI, RINGOLD, ZUKKOOR, YOUSSEF BAZZI, AMANDA BAZZI, YOUSSEF BAKRI, and AHMAD MAKKI

158.   Plaintiffs Liberty and Safeco reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 157.

159.   Defendants collectively constitutes an enterprise, as defined in 18 U.S.C. § 1961(4), engaged in, and the activities of which affect, interstate commerce.

160.   In connection with each of the claims identified in the within Complaint, intentionally caused to be prepared, faxed, and mailed false medical documentation, or knew that such false medical documentation would be faxed and mailed in the ordinary course of each person and/or facilities' business, or should have reasonably foreseen that the mailing of such false medical documentation by each facility would occur, in furtherance of the Defendants' scheme to defraud.

161.   Defendants knew that two (2) or more faxes and mailings would be sent to demand and receive payment from Plaintiffs Liberty and Safeco on certain dates, including, but not limited to, those mailings identified in the attached charts. (**Exhibits 1 through 14**).

162.   Defendants repeatedly and intentionally submitted, or caused to be submitted, or knew that documentation would be submitted, to Plaintiffs Liberty and

Safeco for product services or accommodations that were purportedly performed by each individual and/or each entity. In addition, Defendants knew bills by the respective facilities were intentionally designed for inducing, encouraging and/or facilitating wrongful payments to them, from Plaintiffs Liberty and Safeco.

163.    Defendants Bitkowski, Ringold, Zukkoor, Youssef Bakri, Amanda Bazzi, Nesreen Bazzi, Youssef Bakri, and Ahmad Makki, individually, collectively or disguisedly owned and/or managed and/or operated Defendant entities Advance, Affiliated, Carepointe, Clearpath, Global, Groesbeck, Hershman, MHC, Multicare, Optim, Prime, Select, United, and Vital, and were consequently, individually and collectively responsible for all actions taken by these facilities and their respective staffs.

164.    Defendants Hershman, Carepointe, and Multicare, were responsible for the excessive and medically unnecessary physical therapy billed, if treatment was rendered at all.

165.    Defendants Youssef Bakri, Amanda Bazzi, Nesreen Bazzi, Youssef Bakri, and Ahmad Makki were responsible for the illegal solicitation and inducement of patients and improper referrals that resulted in unlawful and unnecessary treatment by Defendants Advance, Affiliated, Carepointe, Clearpath, Global, Groesbeck, Hershman, MHC, Multicare, Optim, Prime, Select, United, and Vital that were billed to Plaintiffs Liberty and Safeco.

166.   Defendants Multicare, Optim, Select, and Vital intentionally generated fraudulent records in furtherance of the enterprise's objectives to create the false appearance lawful and necessary treatment and/or services to the claimants and insureds of Plaintiffs Liberty and Safeco.

167.   Defendants Bitkowski and Zukkoor were overseeing and involved with other professionals who were unlawfully rendering treatment in the absence of statutorily required oversight practice agreements and/or scope of practices agreement.

168.   Defendants Bitkowski and Zukkoor are responsible for unnecessary prescriptions and disability for treatment and/or services that were not done, in whole or in part at Defendants Multicare, Optim, Select, and Vital.

169.   Defendants Affiliated and Clearpath billed Plaintiffs Liberty and Safeco conducted medically unnecessary MRIs and other diagnostic tests, which were used to create the false appearance that Defendants Advance, Carepointe, Global, Groesbeck, Hershman, MHC, Multicare, Optim, Prime, Select, United, and Vital, were performing lawful and necessary treatment and/or services to, or on behalf of, the claimant's and insureds of Plaintiffs Liberty and Safeco.

170.   Defendants Global, Groesbeck, and MHC took unlawfully generated prescriptions from Defendants Multicare, Optim, Select, and Vital and provided unnecessary controlled substances to claimants and insureds of Plaintiffs Liberty and

Safeco either through at-home delivery or delivery to Defendants Multicare, Optim, Select, and Vita.

171.   Through the Predetermined Protocol for treatment and/or services, Defendant United performed and unnecessarily and unnecessarily comprehensive drug screenings, by referral from Defendants Multicare, Optim, Select, and Vital. These results regularly showed use of illegal narcotics and non-prescribed medications. These test results were never utilized, or even reviewed by the physicians and/or medical personnel that ordered them, nor was there any evidence of prescription protocol changes based upon these results.

172.   Defendants submitted, or caused to be submitted, false and fraudulent medical records, bills, and invoices that created the false appearance of injury.

173.   As a result of, and in reasonable reliance on, these intentionally misleading and false documents and representations, Plaintiffs Liberty and Safeco issued payments to Defendants that would not otherwise have been paid, nor eligible for payment.

174.   The Defendants' conduct in violation of 18 U.S.C. § 1962(c) was the direct and proximate cause of Plaintiffs Liberty and Safeco's injuries.

175.   By virtue of the Defendants' violation of 18 U.S.C. § 1962(c), Plaintiffs Liberty and Safeco are entitled to recover from them treble damages sustained by reason of the claims submitted, caused to be submitted, or known to be submitted by

them, and others acting in concert with them, together with the costs of this lawsuit, including, but not limited to costs, sanctions and reasonable attorney's fees. See for example, MCL 500.3148 (2).

### COUNT II — VIOLATION OF 18 U.S.C. § 1962(d), ETC. DEFENDANTS ADVANCE, AFFILIATED, CLEARPATH, GLOBAL, GROESBECK, HERSHMAN, MHC, MULTICARE, OPTIM, PRIME, SELECT, UNITED, VITAL, BITKOWSKI, RINGOLD, ZUKKOOR, YOUSSEF BAZZI, AMANDA BAZZI, YOUSSEF BAKRI, and AHMAD MAKKI (DEFENDANTS ENTERPRISE COLLECTIVELY)

176.   Plaintiffs Liberty and Safeco hereby reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 175 as though fully set forth herein.

177.   Defendants Advance, Affiliated, Carepointe, Clearpath, Global, Groesbeck, Hershman, MHC, Multicare, Optim, Prime, Select, United, and Vital, through their owners and managers, Defendants Bitkowski, Ringold, Zukkoor, Youssef Bakri, Amanda Bazzi, Nesreen Bazzi, Youssef Bakri, and Ahmad Makki conspired with each other to violate 18 U.S.C. § 1962(c) through the facilitation of the operation of each named facility that rendered/provided treatment/services.

178.   Defendants Advance, Affiliated, Carepointe, Clearpath, Global, Groesbeck, Hershman, MHC, Multicare, Optim, Prime, Select, United, and Vital, through their owners and managers, Defendants Bitkowski, Ringold, Zukkoor, Youssef Bakri, Amanda Bazzi, Nesreen Bazzi, Youssef Bakri, and Ahmad Makki each agreed to further, facilitate, support, and operate Defendants' enterprise.

179.   As such, Defendants Advance, Affiliated, Carepointe, Clearpath, Global, Groesbeck, Hershman, MHC, Multicare, Optim, Prime, Select, United, and Vital, through their owners and managers, Defendants Bitkowski, Ringold, Zukkoor, Youssef Bakri, Amanda Bazzi, Nesreen Bazzi, Youssef Bakri, and Ahmad Makki conspired to violate 18 U.S.C. § 1962(c) through means of direct solicitation and referral of each patient to each entity alleging that it provided treatment and/or services.

180.   The purpose of the conspiracy was to obtain insurance payments from Plaintiffs Liberty and Safeco on behalf of each entity even though said entity was not eligible to collect such payments by virtue of its unlawful conduct.

181.   Defendants Advance, Affiliated, Carepointe, Clearpath, Global, Groesbeck, Hershman, MHC, Multicare, Optim, Prime, Select, United, and Vital, through their owners and managers, Defendants Bitkowski, Ringold, Zukkoor, Youssef Bakri, Amanda Bazzi, Nesreen Bazzi, Youssef Bakri, and Ahmad Makki were aware of this purpose and agreed to take steps to meet the enterprise's conspiratorial  objectives, including the creation and submission of false claims, records, bills, referrals and correspondence, for insurance benefits, including but not limited to Michigan No-Fault benefits, to Plaintiffs Liberty and Safeco.

182.   Plaintiffs Liberty and Safeco have been injured in their businesses and properties by reason of this conspiratorial conduct in that Plaintiffs Liberty and

Safeco have been induced to make insurance payments come individually or collectively, to Defendants Advance, Affiliated, Carepointe, Clearpath, Global, Groesbeck, Hershman, MHC, Multicare, Optim, Prime, Select, United, and Vital, through their owners and managers, Defendants Bitkowski, Ringold, Zukkoor, Youssef Bakri, Amanda Bazzi, Nesreen Bazzi, Youssef Bakri, and Ahmad Makki as a result of each entities' and persons' unlawful conduct.

183.   By virtue of the Defendants' violation of 18 U.S.C. § 1962(d), Defendants Advance, Affiliated, Carepointe, Clearpath, Global, Groesbeck, Hershman, MHC, Multicare, Optim, Prime, Select, United, and Vital, through their owners and managers, Defendants Bitkowski, Ringold, Zukkoor, Youssef Bakri, Amanda Bazzi, Nesreen Bazzi, Youssef Bakri, and Ahmad Makki are jointly and severally liable to Plaintiffs Liberty and Safeco, entitling Plaintiffs Liberty and Safeco to recover from each treble damages sustained by reason of the claims submitted, caused to be submitted, or known to be submitted by them, and others acting in concert with them, together with the costs of this lawsuit, including, but not limited to costs, sanctions and reasonable attorney's fees. See for example, MCL 500.3148 (2)

## COUNT III — COMMON LAW FRAUD

184.   Plaintiffs Liberty and Safeco hereby reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 183.

185.    Defendants intentionally and knowingly made or caused to be made false and fraudulent statement of material fact to Plaintiffs Liberty and Safeco by submitting, and causing to be submitted, bills and related documentation for services that were not for injuries arising out of accidents, that were not actually rendered, that were medically unnecessary, were fraudulently and/or in some respect so excessively billed as to have no reasonable foundation, and/or were unlawfully rendered.

186.    The false statements of material fact include, but are not limited to, those misrepresentations as identified in the foregoing paragraphs.

187.    Defendants knew that these misrepresentations were false and fraudulent at the time they were made and submitted to Plaintiffs Liberty and Safeco for consideration of payment of insurance benefits, including but not limited to, "allowable expenses" under the Michigan No-Fault Act.

188.    Defendants made the above-described knowing and intentional misrepresentations to induce Plaintiffs Liberty and Safeco to rely on the misrepresentations.

189.    Plaintiffs Liberty and Safeco reasonably relied upon such material misrepresentations to their detriment in paying numerous non-meritorious benefits, including but not limited to "allowable expenses" under the Michigan No-Fault Act

and incurred expenses related to the adjustment and processing of claims submitted by Defendants.

190.   As a direct and proximate result of Defendants fraudulent representations and acts, Plaintiffs Liberty and Safeco have been damaged in their respective business and property as previously described herein.

## COUNT IV — CIVIL CONSPIRACY

191.   Plaintiffs Liberty and Safeco hereby reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 190.

192.   Defendants' combined and concerted to accomplish their unlawful purpose of defrauding Plaintiffs Liberty and Safeco by submitting claims for payment pursuant to applicable provisions of the Michigan No-Fault Act to which they were not entitled because:

    A. The treatment was not for injuries arising out of accidents, and/or;

    B.  Defendants did not actually render the treatment and/or services for which claims were submitted, and/or;

    C. Defendants did not provide reasonable necessary treatment and/or services, and/or;

    D. Defendants did not lawfully render treatment, and/or;

    E. Defendants generated fraudulent medical records inconsistent with the treatment/services that were alleged to have been provided, and/or;

F.   Defendants engaged in fraudulent billing practices.

193.    Defendants worked together to achieve an unlawful purpose, i.e. defrauding Plaintiffs Liberty and Safeco, for personal gain.

194.    This purpose was known to all Defendants and intentionally pursued.

195.    Despite knowing that Defendants were not entitled to payment pursuant to policies insurance, law and/or the applicable provisions of the Michigan No-Fault Act because Defendants billed for treatment and/or services that were:

A. Not for injuries arising out of accidents, and/or;

B. Not actually provided, and/or;

C. Not reasonably necessary, and/or;

D. Not lawfully rendered, and/or;

E. Fraudulently billed, Defendants nonetheless submitted, caused to be submitted, or knew that claims would be submitted with accompanying false medical documentation to Plaintiffs Liberty and Safeco seeking payment.

196.    In reasonable reliance on Defendants false medical documentation that were submitted to Plaintiffs Liberty and Safeco, which then paid certain of the claims submitted.

197.    Defendants directly benefited from the payments made to each entity.

198.   All Defendants actively and intentionally partook in a plan and/or scheme to defraud Plaintiffs Liberty and Safeco and also agreed, conspired, encouraged and aided other Defendants in the commission of acts done for the unjust benefit of all Defendants and to the unjust detriment of Plaintiffs Liberty and Safeco.

199.   All of the Defendants are equally liable for the fraud perpetrated on Plaintiffs Liberty and Safeco.

### COUNT V — PAYMENT UNDER MISTAKE OF FACT AS TO UNLAWFUL TREATMENT AND REFERRALS

200.   Plaintiffs Liberty and Safeco hereby reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 199.

201.   Plaintiffs Liberty and Safeco paid the amounts described herein under a misunderstanding, misapprehension, error, fault, or ignorance of material facts, namely, the plan or scheme to defraud Plaintiffs Liberty and Safeco by misrepresenting the facts of injury, lawfulness of the products, services or accommodations rendered, and necessity of treatment and/or services purportedly provided and billed by Defendants Advance, Affiliated, Carepointe, Clearpath, Global, Groesbeck, Hershman, MHC, Multicare, Optim, Prime, Select, United, and Vital, through their owners and managers, Defendants Bitkowski, Ringold, Zukkoor, Youssef Bakri, Amanda Bazzi, Nesreen Bazzi, Youssef Bakri, and Ahmad Makki.

202.   Plaintiffs Liberty and Safeco sustained damages by paying under mistakes of fact, wrongly believing the veracity of the claims submitted by Defendants.

203.   Plaintiffs Liberty and Safeco are entitled to restitution from each of Defendants Advance, Affiliated, Carepointe, Clearpath, Global, Groesbeck, Hershman, MHC, Multicare, Optim, Prime, Select, United, and Vital, through their owners and managers, , independent contractors and employees, including but not limited to Defendants Bitkowski, Ringold, Zukkoor, Youssef Bakri, Amanda Bazzi, Nesreen Bazzi, Youssef Bakri, and Ahmad Makki individually and jointly, for all monies wrongly paid to and/or received by them, as paid by Plaintiffs Liberty and Safeco.

## COUNT VI — UNJUST ENRICHMENT AGAINST DEFENDANTS

204.   Plaintiffs Liberty and Safeco hereby reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 203.

205.   Defendants submitted, caused to be submitted, or benefited from claims submitted to Plaintiffs Liberty and Safeco that caused Plaintiffs Liberty and Safeco to pay money, in reasonable belief that it was obligated to make such payments based upon Defendants' fraudulent misrepresentations.

206.   Plaintiffs Liberty's and Safeco's payments constitute a benefit which Defendants aggressively sought and voluntarily accepted.

207.    Defendants wrongfully obtained or benefited from payments from Plaintiffs Liberty and Safeco through the fraudulent scheme detailed herein.

208.    Defendants have been unjustly enriched by receipt of or benefit from these wrongfully obtained payments from Plaintiffs Liberty and Safeco.

209.    Defendants' retention of these payments would violate fundamental principles of justice, equity, and good conscience.

## COUNT VII — DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

210.    Plaintiffs Liberty and Safeco hereby reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 209.

211.    Defendants routinely billed for unnecessary and unlawful services with respect to the patients at issue in this Complaint.

212.    Defendants also billed for services not rendered.

213.    Defendants also billed for services pursuant to a fraudulent scheme whereby patients were illegally solicited and referred to them for the purpose of generating claims to Plaintiffs Liberty and Safeco, and not for the purpose of providing reasonably necessary medical treatment, testing, or services.

214.    Pursuant to the Michigan No-Fault Act, an insurer is liable to pay benefits only for reasonable and necessary expenses for lawfully rendered treatment arising out of accidents, including but not limited to, motor-vehicle accidents. For example, see  MCL §§ 500.3105; 500.3107; 3157.

215.    The lack of reasonableness and necessity are defenses to an insurer's

obligation to pay No-Fault benefits arising out of a motor vehicle accident. Mich.

Comp. Laws § 500.3107.

216.    Where a provider is unable to show that an expense has been incurred

for a reasonably necessary product or service arising out of a motor vehicle accident,

there can be no finding of a breach of the insurer's duty to pay, and thus no finding

of liability with regard to that expense.

217.    Defendants continue to submit claims under policies of insurance,

including but not limited to, automobile insurance policies and the applicable

provisions of the Michigan No-Fault Act for unnecessary and unlawfully rendered

medical services to Plaintiffs Liberty and Safeco, and other claims remain pending

with Plaintiffs Liberty and Safeco.

218.    Accordingly, Plaintiffs Liberty and Safeco requests a judgment

pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, declaring that the

Defendants billed for unnecessary and unlawful treatment that is not compensable

under applicable provisions of the Michigan No-Fault Act.

219.    Plaintiffs Liberty and Safeco also requests a judgment pursuant to the

Declaratory Judgment Act, 28 U.S.C. § 2201, declaring that Defendants were

engaged in a fraudulent scheme whereby they billed for unnecessary and unlawful

treatment and submitted unreasonable charges for the same to Plaintiffs Liberty and Safeco at all relevant times.

220.   As such, Defendants have no standing to submit, pursue, or receive benefits or any other payment from Plaintiffs Liberty and Safeco, and Plaintiffs Liberty and Safeco requests a judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, declaring that Defendants cannot seek payment from Plaintiffs Liberty and Safeco for benefits, including, but not limited to under Michigan's No-Fault Act, Mich. Comp. Laws § 500.3101, et seq., any policy of insurance, any assignment of benefits, any lien of any nature, or any other claim for payment related to the fraudulent conduct detailed in the within Complaint.

221.   Plaintiffs Liberty and Safeco further requests a judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, declaring that Defendants cannot balance bill or otherwise seek payment from any person insured under Plaintiffs Liberty and Safeco's policies or for whom Plaintiffs Liberty and Safeco may be the responsible payor related to the fraudulent conduct detailed in the within Complaint.

## VII.    <u>DEMAND FOR RELIEF</u>

WHEREFORE, Plaintiffs Liberty and Safeco respectfully pray that judgment enter in their favor as follows:

## COUNT I — VIOLATION OF 18 U.S.C. § 1962(c) DEFENDANTS ADVANCE, AFFILIATED, CLEARPATH, GLOBAL, GROESBECK, HERSHMAN, MHC, MULTICARE, OPTIM, PRIME, SELECT, UNITED, VITAL, BITKOWSKI, RINGOLD, ZUKKOOR, YOUSSEF BAZZI, AMANDA BAZZI, YOUSSEF BAKRI, and AHMAD MAKKI (DEFENDANTS ENTERPRISE COLLECTIVELY)

a. AWARD Plaintiffs Liberty and Safeco its actual and consequential damages in an amount to be determined at trial;

b. AWARD Plaintiffs Liberty and Safeco treble damages pursuant to 18 U.S.C. § 1964, together with interest, costs, and attorney's fees;

c. GRANT Plaintiffs Liberty and Safeco injunctive relief enjoining Defendants from engaging in the wrongful conduct alleged in the within Complaint; AND

d. GRANT all other relief this Honorable Court deems just.

## COUNT II — VIOLATION OF 18 U.S.C. § 1962(d), ETC. DEFENDANTS ADVANCE, AFFILIATED, CLEARPATH, GLOBAL, GROESBECK, HERSHMAN, MHC, MULTICARE, OPTIM, PRIME, SELECT, UNITED, VITAL, BITKOWSKI, RINGOLD, ZUKKOOR, YOUSSEF BAZZI, AMANDA BAZZI, YOUSSEF BAKRI, and AHMAD MAKKI (DEFENDANTS ENTERPRISE COLLECTIVELY)

a. AWARD Plaintiffs Liberty and Safeco its actual and consequential damages in an amount to be determined at trial;

b. AWARD Plaintiffs Liberty and Safeco treble damages pursuant to 18 U.S.C. § 1964, together with interest, costs, and attorney's fees – See also MCL 500.3148(2);

c. GRANT Plaintiffs Liberty and Safeco injunctive relief enjoining Defendants from engaging in the wrongful conduct alleged in the within Complaint; AND

d. GRANT all other relief this Honorable Court deems just.

## COUNT III — COMMON LAW FRAUD

a. AWARD Plaintiffs Liberty and Safeco its actual and consequential damages in an amount to be determined at trial;

b. AWARD Plaintiffs Liberty and Safeco its costs, including, but not limited to, investigative costs incurred in the detection of Defendants' illegal conduct; AND

c. GRANT all other relief this Honorable Court deems just.

## COUNT IV — CIVIL CONSPIRACY

a. AWARD Plaintiffs Liberty and Safeco its actual and consequential damages in an amount to be determined at trial;

b. AWARD Plaintiffs Liberty and Safeco its costs, including, but not limited to, investigative costs incurred in the detection of Defendants' illegal conduct; AND

c. GRANT all other relief this Honorable Court deems just.

## COUNT V — PAYMENT UNDER MISTAKE OF FACT AS TO UNLAWFUL TREATMENT AND REFERRALS

a.  DECLARE that Plaintiffs Liberty and Safeco have no obligation to pay pending or previously denied insurance claims submitted by Defendants for any or all of the reasons set out in the within Complaint;

b.  DECLARE that Defendants, jointly and severally, cannot seek payment from Plaintiffs Liberty and Safeco pursuant to the Michigan No-Fault Act, Mich. Comp. Laws § 500.3101, et seq., any policy of insurance, any assignment of benefits, any lien of any nature, or any other claim for payment related to the fraudulent conduct detailed in the within Complaint;

c.  DECLARE that Defendants, jointly and severally, cannot balance bill or otherwise seek payment from any person insured under a policy of insurance from Plaintiffs Liberty and/or Safeco or for whom Plaintiffs Liberty and/or Safeco is the responsible payor related to the fraudulent conduct detailed in the within Complaint; AND

d.  GRANT such other relief as this Honorable Court deems just and appropriate under Michigan law and the principles of equity.

## COUNT VI — UNJUST ENRICHMENT AGAINST DEFENDANTS

a.  AWARD Plaintiffs Liberty and Safeco its actual and consequential damages in an amount determined at trial; AND

b.  GRANT all other relief this Honorable Court deems just.

## <u>COUNT VII — DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201</u>

a. DECLARE that Plaintiffs Liberty and Safeco have no obligation to pay pending or previously denied insurance claims submitted by Defendants for any or all of the reasons set out in the within Complaint;

b. DECLARE that Defendants, jointly and severally, cannot seek payment from Plaintiffs Liberty and Safeco pursuant to the Michigan No-Fault Act, Mich. Comp. Laws § 500.3101, et seq., any policy of insurance, any assignment of benefits, any lien of any nature, or any other claim for payment related to the fraudulent conduct detailed in the within Complaint;

c. DECLARE that Defendants, jointly and severally, cannot balance bill or otherwise seek payment from any person insured under a policy of insurance from Plaintiffs Liberty and/or Safeco or for whom Plaintiffs Liberty and/or Safeco is the responsible payor related to the fraudulent conduct detailed in the within Complaint; AND

d. GRANT such other relief as this Honorable Court deems just and appropriate under Michigan law and the principles of equity.

## VIII. <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs Liberty and Safeco hereby demand a trial by jury on all claims herein.

LAW OFFICES OF GREIG, KENNEDY, SEIFERT AND
FITZGIBBONS

_____

STEVEN M. BRAUN (P79461)
DAVID JOSEPH LANKFORD (P47881)
Attorneys for Plaintiffs
28411 Northwestern Hwy., Suite 640
Southfield, MI 48034
David.Lankford@libertymutual.com
Steven.braun@libertymutual.com
248-223-0120


DATED: August 4, 2022

JS 44   (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

LIBERTY MUTUAL INSURANCE CORPORATION, LIBERTY MUTUAL FIRE INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY MUTUAL PERSONAL INSURANCE COMPANY, LM GENERAL INSURANCE COMPANY, LM INSURANCE CORPORATION, LM PROPERTY AND CASUALTY INSURANCE COMPANY, LIBERTY SURPLUS INSURANCE CORPORATION, SAFECO INSURANCE COMPANY OF AMERICA, and SAFECO INSURANCE COMPANY OF ILLINOIS

### DEFENDANTS

ADVANCE CHIROPRACTIC PLLC, AFFILIATED DIAGNOSTICS OF OAKLAND LLC, CAREPOINTE PHYSICAL THERAPY LLC, CLEARPATH DIAGNOSTICS LLC, GLOBAL CARE MEDICAL SUPPLY LLC, GROESBECK RX LLC, HERSHMAN REHAB LLC, MHC PHARMACY LLC, MULTICARE HEALTH CENTER LLC, OPTIM CARE CENTER LLC, PRIME CARE CHIROPRACTIC, P.C., SELECT SPECIALISTS LLC, UNITED LAB RX LLC, VITAL COMMUNITY CARE P.C., JASON BITKOWSKI, D.O., WARREN J. RINGOLD, M.D., NAMIR ZUKKOOR, M.D., YOUSSEF BAKRI, AMALE BAZZI a/k/a AMANDA BAZZI a/k/a AMANDA MAKKI, NESREEN BAZZI, AHMAD MAKKI a/k/a MIKE MAKKI and ILHA MQUSSA a/k/a HALA MAKKI

**(b)**   County of Residence of First Listed Plaintiff    Norfolk, MA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Wayne, MI
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*
David Joseph Lankford (P47881), Steven M. Braun (P79461), Joy Weber (P77088); Law Offices of Greig, Kennedy, Seifert and Fitzgibbons; Attorneys for Plaintiffs; 28411 Northwestern Hwy., Suite 640, Southfield, MI 48034;

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
      Plaintiff

☐ 2   U.S. Government
      Defendant

☒ 3   Federal Question
      *(U.S. Government Not a Party)*

☐ 4   Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☒ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. § 1962

Brief description of cause:
Violations of the federal Racketeer Influenced and Corrupt Organizations Act, along with other causes of actions

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE                          DOCKET NUMBER

DATE
August 4, 2022

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

PURSUANT TO LOCAL RULE 83.11

1.          Is this a case that has been previously dismissed?          ☐ Yes
                                                                         ■ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____


2.          Other than stated above, are there any pending or previously
            discontinued or dismissed companion cases in this or any other      ☐ Yes
            court, including state court? (Companion cases are matters in which  ■ No
            it appears substantially similar evidence will be offered or the same
            or related parties are present and the cases arise out of the same
            transaction or occurrence.)

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____


Notes :